

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| *In re:*<br><br>ANTHONY A. CAMPAGNONE,<br>    Debtor | Ch. 13<br>19-12685-FJB |

### Order

**MATTER:**
#129 Motion filed by Creditor Anthony Romano to File Late Proof of Claim, with certificate of service. (Groulx, Patrick)

By this motion, the creditor Anthony Romano ("Romano") seeks leave to file a claim late (the "Late Claim"). The Debtor Anthony Campagnone opposes the motion. For the reasons stated below the Court will schedule an evidentiary hearing on Romano's motion.

The Debtor filed a chapter 7 petition on August 6, 2019. Romano was listed as an unsecured creditor and the address used was that of his counsel of record in a state court proceeding, Joseph Spinale. The Late Claim, in the amount of $500,000, was scheduled as disputed. I note that the Debtor objects to the Late Claim because he says the debt was not owed by the Debtor but by his company, C&C Distributing & Vending, Inc. In March of 2020, the Debtor converted his case to one under chapter 13. It is uncontested that the following notices and pleadings were mailed to Romano, care of Spinelli: (i) Notice of Chapter 7 Section 341 meeting on August 6, 2019, (ii) Notice of Conversion on March 15, 2020, (iii) Notice of Chapter 13 Section 341 meeting on March 17, 2020, (iv) Chapter 13 Plan on April 13, 2020, (v) Amended Chapter 13 Plan on June 17, 2020, and (vi) Amended Chapter 13 Plan on July 15, 2020. The bar date for filing a claim in the chapter 13 case was 70 days after the conversion date of March 13, 2020, or May 22, 2020. Fed. R. Bankr. P. 3002(c). The Motion was filed on August 28, 2020, more than three months after the bar date.

Romano concedes that he has no basis under Fed. R. Bankr. P. 3002(c)(6) to request that he be allowed to file a late proof of claim. Rather, he argues that he will be denied due process if he is not permitted to file his late claim. He says that he had no notice of the bar date because the notices were sent to Spinale who was not going to the office because of the COVID-19 pandemic. Romano has filed an affidavit of Spinale stating that he was not regularly in his office between March and July 2020 and that "[he] was never told that [he] received any mail regarding this case during the time of the lockdown." Spinale, however, admits in his affidavit that he received the "third amended plan" at his office address. Romano also filed an affidavit of a paralegal from Spinale's

office, Matthew Littleton, stating that in August 2020 he had "gone back" and reviewed the mail from "that period" and that he saw "no indication that [his] office received" the "notice of conversion on March 15, 2020," the "Court's notice of 341 meeting on March 17, 2020," "the Chapter 13 plan on April 13, 2020," and other notices.

"Numerous courts, including the United States Bankruptcy Appellate Panel for the First Circuit, have held that the claim deadline in chapter 13 cases cannot be extended for excusable neglect so long as due process concerns are satisfied." *Vincenty v. San Miguel Sandoval (In re San Miguel Sandoval)*, 327 B.R. 493, 512 (1st Cir. 2005). "Notwithstanding strict application of the limits and duties imposed on creditors by the Bankruptcy Code and the Bankruptcy Rules, proceedings in bankruptcy cases are subject to the requirements of due process under the Fifth Amendment to the United States Constitution." Id. The First Circuit went on to state that "the overwhelming weight of authority is that, in bankruptcy cases, notice served on a creditor's counsel is presumed to satisfy both bankruptcy and due process notice requirements as to the creditor, so long as there is a nexus between the creditor's retention of the attorney and the creditor's claim against the debtor. It is clear that notice to the creditor's attorney is sufficient notice to the creditor where that attorney participates in the bankruptcy case." Id. at 509.

The critical notices at issue are the notice of the conversion of this case to chapter 13 and the notice of chapter 13 meeting of creditors. While the Debtor is entitled to a presumption that papers mailed to Spinale arrived at that address, the presumption is rebuttable. Spinale merely states that he was not "told" of any mail related to this case that arrived during the "lockdown." Littleton testified in his affidavit that he saw "no indication" that the notices of conversion and chapter 13 meeting of creditors arrived at the office. The Court is skeptical that the critical notices did not arrive at Spinale's office, but, as Spinale admits, the third amended plan did arrive. Still, there is an issue of fact presented: has Romano rebutted the presumption that the notices, although properly mailed, did not arrive at Spinale's office. An evidentiary hearing shall be scheduled on this issue. Romano has the burden of proof on this issue.

Dated: 2/16/2021

By the Court,

Frank J. Bailey
United States Bankruptcy Judge